IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD G. NUSBAUM, | ) | |
| | ) | Case No. 3:2004cv01396 (SRU) |
|     Plaintiff | ) | |
| Vs. | ) | |
| | ) | |
| USED-CAR PARTS.COM, INC. and | ) | |
| ACTIVANT SOLUTIONS, INC. | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |
| | ) | |
| RELATED ACTION: | ) | |
| | ) | |
| USED-CAR PARTS.COM, INC. | ) | |
| | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| SOLARA, INC. | ) | |
| | ) | |
|     Third Party Defendant. | ) | |

**CROSS-CLAIM AND THIRD PARTY COMPLAINT OF
USED-CAR PARTS.COM, INC.**

**CROSS-CLAIM AGAINST ACTIVANT SOLUTIONS, INC.**

    Comes now the Defendant, Used-Car Parts.com, Inc. ("Car-Part"), by counsel, and states the following cross-claim against Defendant Activant Solutions, Inc.

**The Parties**

    1.    Car-Part is a Kentucky corporation in the business of, among other things, collecting information on automobile parts available at recyclers, as stored in their inventory management systems ("IMS"), organizing this information, and making this information available electronically to consumers, insurance companies, and other recyclers.

2. On information and belief, Activant Solutions, Inc. ("Activant") is a Delaware corporation having its principal place of business at 804 Las Cimas Parkway, Suite 200, Austin, Texas 78746. Activant is the successor corporation of Cooperative Computing, Inc. On further information and belief, Activant does substantial business in the state of Connecticut, including this judicial district.

## Jurisdiction and Venue

3. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1332, 2201, and 2202. The matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. Venue in this Court is based upon 28 U.S.C. § 1391.

## Background

5. AutoInfo., Inc. ("AutoInfo"), a Delaware corporation, developed IMS software, including IMS software which it named Checkmate.

6. On information and belief, Howard Nusbaum ("Nusbaum") was at one time a director of AutoInfo.

7. Nusbaum and AutoInfo entered into a joint ownership agreement of certain add-on products used with Checkmate.

8. On or about April 1, 1995, AutoInfo entered into an asset purchase agreement whereby ADP-CSG purchased certain assets of AutoInfo, and ADP-CSG entered into a written joint venture agreement which, among other things gave ADP-CSG joint ownership with Nusbaum of the software add-on products used with Checkmate.

9. On May 21, 1997, the Federal Trade commission and ADP-CSG entered

into an Agreement Containing Consent Order, whereby ADP-CSG obtained the right to divest itself of the AutoInfo assets within 120 days.

10. On November 20, 1997, ADP-CSG and Activant entered into an asset purchase agreement whereby Activant purchased certain assets, including Checkmate and the rights to the joint ownership and use of the add-on products.

11. As a part of the asset purchase agreement whereby Activant purchased certain assets from ADP-CSG, including Checkmate and the rights to the joint ownership and use of the add-on products, ADP-CSG agreed to indemnify, defend, and hold harmless Activant in certain events. Among other things, ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty that it owned the right to transfer to Activant its joint ownership and right to use the add-on products. ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty that there were no restrictions on the direct or indirect transfer of the add-on products. ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty that it was a joint owner of, and possessed the right to the use of, the add-on products, which was fully transferable. ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty.

12. In or about September or October 2003, Activant and Car-Part entered into various agreements relating to an asset purchase whereby, among other things, Car-Part licensed the add-on products from Activant. These agreements include an Indemnification Agreement and Second Amended Asset Purchase Agreement.

## Count One – Breach of Contract

13. Pursuant to the agreements referenced above, Activant is obligated to certain warranties, representations, and duties, including but not limited to the duty to indemnify and hold harmless Car-Part in certain events. By way of example, Activant is obligated to certain warranties, representations, and duties, including but not limited to the duty to indemnify and hold harmless Car-Part against claims that have been made and/or are currently being made against Car-Part by Nusbaum.

14. Pursuant to the agreements referenced above, Activant is further obligated to certain warranties, representations, and duties, including but not limited to the duty to indemnify Car-Part in the event that Activant is entitled to indemnification from a third party for Car-Part's use of, among other things, the add-on products. By way of example, Activant is obligated to certain warranties, representations, and duties, including but not limited to the duty to indemnify and hold harmless Car-Part against claims that have been made and/or are currently being made against Car-Part by Nusbaum, and Activant is entitled to indemnification from a third party for those claims.

15. On information and belief, pursuant to the agreements referenced above, Activant is entitled to indemnification from Solera, as the purchaser of ADP-CSG.

16. On information and belief, pursuant to the agreements referenced above, Activant is entitled to receive payments from Solera, as the purchaser of ADP-CSG.

17. Pursuant to the agreements referenced above, at least by the time Activant receives payments it is entitled to receive from Solera, Activant is obligated to indemnify and hold harmless Car-Part.

18. Activant has breached its obligations to Car-Part owed to Car-Part

4

pursuant to the agreements referenced above, and Car-Part has been damaged thereby.

19. Some or all of the agreements referenced above are confidential in nature, and will be offered to the Court and the parties pursuant to the directive of the Court.

### **Count Two – Declaratory Judgment Against Activant**

20. The allegations of paragraphs 1 – 19 are incorporated by reference as though fully set forth herein.

21. Based on at least the asset purchase agreement whereby Activant purchased certain assets from ADP-CSG, and Solera's purchase of ADP-CSG, Solera is obligated to indemnify and hold harmless Activant.

22. Based on at least the asset purchase agreement whereby Activant purchased certain assets from ADP-CSG, and Solera's purchase of ADP-CSG, Activant is entitled to receive payments from Solera.

23. At least by the time Activant receives payments it is entitled to receive from Solera, Activant is obligated to indemnify and hold harmless Car-Part.

WHEREFORE, Car-Part demands:

A. Actual damages suffered by Car-Part resulting from Activant's breach of contract.

B. Attorneys' fees and costs as permitted by law, and any additional relief to which Car-Part is entitled.

C. A judgment that Activant is obligated to indemnify and hold harmless Car-Part.

D. A judgment that a third party is obligated to indemnify and hold harmless Activant, and that payments received by Activant pursuant thereto are due to Car-Part.

  E. A declaratory judgment setting forth the rights of the parties.

## JURY DEMAND

Car-Part demands a jury trial for any and all claims against Activant that are triable by jury.

## THIRD PARTY COMPLAINT AGAINST SOLARA, INC.

Comes now the Defendant, Used-Car Parts.com, Inc., by counsel, as Third Party Plaintiff, and states the following Third Party Complaint against Solara, Inc.

### The Parties

1. Car-Part is a Kentucky corporation in the business of, among other things, collecting information on automobile parts available at recyclers, as stored in their inventory management systems ("IMS"), organizing this information, and making this information available electronically to consumers, insurance companies, and other recyclers.

2. On information and belief, Solera, Inc. ("Solera") is a Delaware corporation and a provider of technology solutions, shared services and consulting for the insurance and claims industry. On further information and belief, Solera does substantial business in the state of Connecticut, including this judicial district. On further information and belief, Solera has acquired all interest, including all obligations and liabilities, of Automatic Data Processing Claims Solutions Group, Inc. ("ADP-CSG"), and is the successor in interest thereto. On further information and belief, Automatic Data Processing, Inc. ("ADP") was the parent of ADP-CSG from whom Solera purchased ADP-CSG.

## Jurisdiction and Venue

3.     Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1332, 2201, and 2202. The matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4.     Venue in this Court is based upon 28 U.S.C. § 1391.

## Background

5.     AutoInfo., Inc. ("AutoInfo"), a Delaware corporation, developed IMS software, including IMS software which it named Checkmate.

6.     On information and belief, Howard Nusbaum ("Nusbaum") was at one time a director of AutoInfo.

7.     Nusbaum and AutoInfo entered into a joint ownership agreement of certain add-on products used with Checkmate.

8.     On or about April 1, 1995, AutoInfo entered into an asset purchase agreement whereby ADP-CSG purchased certain assets of AutoInfo, and ADP-CSG entered into a written joint venture agreement which, among other things gave ADP-CSG joint ownership with Nusbaum of the software add-on products used with Checkmate.

9.     On May 21, 1997, the Federal Trade commission and ADP-CSG entered into an Agreement Containing Consent Order, whereby ADP-CSG obtained the right to divest itself of the AutoInfo assets within 120 days.

10.    On November 20, 1997, ADP-CSG and Activant entered into an asset purchase agreement whereby Activant purchased certain assets, including Checkmate and the rights to the joint ownership and use of the add-on products.

11.    As a part of the asset purchase agreement whereby Activant purchased

certain assets from ADP-CSG, including Checkmate and the rights to the joint ownership and use of the add-on products, ADP-CSG agreed to indemnify, defend, and hold harmless Activant in certain events.  Among other things, ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty that it owned the right to transfer to Activant its joint ownership and right to use the add-on products.   ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty that there were no restrictions on the direct or indirect transfer of the add-on products.  ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty that it was a joint owner of, and possessed the right to the use of, the add-on products, which was fully transferable.  ADP-CSG agreed to indemnify, defend, and hold harmless Activant with respect to ADP-CSG's representation and warranty.

12. In or about September or October 2003, Activant and Car-Part entered into various agreements relating to an asset purchase whereby, among other things, Car-Part licensed the add-on products from Activant.  These agreements include an Indemnification Agreement and Second Amended Asset Purchase Agreement.

## Count One – Declaratory Judgment Against Solera

13. The allegations of paragraphs 1 – 12 are incorporated by reference as though fully set forth herein.

14. Based on at least the asset purchase agreement whereby Activant purchased certain assets from ADP-CSG, and Solera's purchase of ADP-CSG, Solera is obligated to indemnify and hold harmless Activant.

15. Based on at least the asset purchase agreement whereby Activant purchased certain assets from ADP-CSG, and Solera's purchase of ADP-CSG, Activant is entitled to receive payments from Solera.

16. At least by the time Activant receives payments it is entitled to receive from Solera, Activant is obligated to indemnify and hold harmless Car-Part.

WHEREFORE, Car-Part demands:

    A. A judgment that Solera is obligated to indemnify and hold harmless Activant, and that payments received by Activant pursuant thereto are due to Car-Part.

    B. Attorneys' fees and costs as permitted by law, and any additional relief to which Car-Part is entitled.

    C. A declaratory judgment setting forth the rights of the parties.

## **JURY DEMAND**

Car-Part demands a jury trial for any and all claims against Solara that are triable by jury.

Respectfully Submitted,

TALIAFERRO, MEHLING, SHIROONI,
CARRAN & KEYS, PLLC

By: /s/Robert W. Carran
    Robert W. Carran, *pro hac vice*
    1005 Madison Avenue
    Covington, KY 41012
    Phone: (859) 291-9900
    Fax: (859) 291-3014
    rcarran@tmsck.com

                        WOOD, HERRON & EVANS, L.L.P.

                        Thomas W. Humphrey
                        Brett A. Schatz
                        2700 Carew Tower
                        441 Vine Street
                        Cincinnati, OH 45202
                        Tel: (513) 241-2324
                        Attorneys for Car-Part

## CERTIFICATION

       I hereby certify that I have served a copy of the foregoing pleading upon the individuals or their attorneys whose names are shown below by sending a copy to them, postage prepaid, this 14th day of August, 2007.

                        By: /s/Robert W. Carran

Vlad G. Spitzer, Esq.
Lewis D. Brey, Esq.
Spitzer & Brey, LLC
239 Main St.
Westport, CT  06880